## G. HEILBRONER V. W. C. DOUGLASS.

1—The general rule that a principal is bound by the acts of his agent, and a client by those of his attorney, does not hold good when the acts of the agent or attorney were done in pursuance of a fraudulent confederation of the agent or attorney with the party who seeks to maintain such acts of the agent or attorney.

ERROR from Grayson. Tried below before the Hon. W. T G. Weaver.

This suit was brought by Heilbroner in May, 1866, for the purpose of enjoining a judgment for $1125, obtained against him by Douglass, and also for general relief.

The petition set forth at length a combination and confederation between Douglass and one M. W. King, an attorney-at-law, who was retained by Heilbroner to represent him in a suit brought by Douglass against him; in pursuance of which confederation, King waived service of process on Heilbroner by entering an appearance for him in the suit, and omitted to set up a proper defense, and made agreements in the course of the suit, which resuled in the judgment against Heilbroner. The allegations of the petition were very full and very specific with respect to the combination, but in view of the opinion of this court it is not deemed necessary to rehearse them.

Douglass pleaded a general exception for insufficiency, and also a general denial. The general exception was sustained by the court below, but for what reason does not appear in the transcript.

Judgment final having been rendered against Heilbroner, he brings the case to this court by writ of error.

*Joseph Bledsoe*, for plaintiff in error.

1. There can be no doubt now but that under our system of jurisprudence, that a petition in the nature of a bill of review, seeking to impeach a former judgment for fraud, is maintain-

able in our courts. (McFarland v. Hall, 17 Tex. R., 676 ; Richardson v. Ellet, 10 Id., 190; Seguin v. Maverick, 24 Id. 537 ; Yturri v. McCleod, 26 Id., 84.)

2. Nor does it make any difference by what name a party calls his petition or suit; or whether he assigns to it any name at all : the only question is, does it disclose such a state of facts that the defendant ought to be held to answer them ? And if the petition shows on its face equity, it is error to dismiss it on demurrer; for the demurrer admits the truth of the allegations. (Jewett v. Jewett, 3 Tex. R., 150; Mays v. Lewis, 4 Id., 38; Mussina v. Moore, 13 Id., 9.)

3. In the case of Mussina v. Moore, cited above, the court say : "We do not regard it as at all material what the remedy sought may be called by the party ; if he shows sufficient ground for relief, whether by statute, the principles of the common law, or chancery; if entitled to relief at all on any one of these grounds, it will not be withheld from him. We believe that the petition discloses good grounds for a new trial, and that the court below erred in sustaining the demurrer."

4. The pleadings in this case are much stronger than in the case of Mussina v. Moore, for there it was simply to set aside a judgment upon an *ex parte* hearing; but here the defendant, Douglass, was guilty of bribing King, the plaintiff's attorney, and when there was nothing due him, but on the other hand he was indebted to Heilbroner, he, nevertheless, by his fraudulent conduct—set forth in the petition and amendment—succeeded in obtaining judgment against Heilbroner for the sum of eleven hundred and twenty-five dollars, when the receipt evidencing the only transaction between the parties, shows the judgment to be unjust.

5. It is also submitted, that Heilbroner sufficiently accounts for his absence from court, as the unsettled condition of the country, during the war and since, is a part of its history, of which the courts can take judicial cognizance. (Greenleaf Ev., vol. 1, § 5.) .

6. If the conduct of Douglass in confederating and com-

bining with King, the attorney of Heilbroner, as is set forth in the pleadings, and his bribing him to do the acts with which he is charged, and which are shown by the pleadings and exhibits, be not sufficient to impeach the judgment on the ground of fraud, it would be difficult to conceive of a state of facts which would justify it, especially so when the relation of attorney and client is considered.  (Austin v. Talk, 26 Tex. R., 130.)

7.  Fraud will vitiate a judgment obtained by means of it, and the parties will be restored to their rights whatever they were.  The fraudulent conduct of one of the parties, *de hors* the record, will justify setting aside a decree or judgment obtained by it.  And from the allegations in the pleadings in this case, and the exhibits attached to them, it is insisted that the plaintiff, Heilbroner, brought his suit in the proper court, and was pursuing his proper remedy.  (Story's Eq. Pleadings, 426; Randon v. Cartwright, 3 Tex. R., 268; Hanna v. Spott's heirs, 5 B. Monroe, 367; 3 J. J. Marshall, 493; 4 Id., 502; Eq. Dig., 562, Nos. 13, 15, 22, 24.)

No brief for the defendant in error.

MORRILL, C. J.—The duties of an attorney-at-law are comprised in his oath: "that he will support the constitution of the United States, and of this State; that he will well and honestly demean himself in the practice of the law; and will discharge his duty to his clients to the best of his ability."

Every person who employs an attorney-at-law to attend to business in the usual avocation of an attorney-at-law, has at least an implied guaranty from the court which licensed the attorney as such, that the attorney will comply with each and all the requirements of his oath, and, more especially, "that he will discharge his duty to his clients to the best of his ability."

The petition in this case charges the attorney-at-law, who was employed to appear for petitioner, with conniving with his adversary in divers ways and manners, and permitting a

judgment to be rendered against his principal, which was unjust, etc.

The defendant excepted to the sufficiency of the petition, and the exceptions were sustained, thus presenting the question whether a connivance by and between an attorney-at-law and the opposing party, having for its object the advantage of the opposing party, and the consequent detriment of the party employing the attorney, will be sustained? Or, in other words, whether aiding and abetting a party to do what is the sworn duty of the party aiding not to do, will receive any sanction of the court? It is supposed that the court did not examine the particular charges, or did not consider that the general exceptions admitted the truth of the charges.

The general rules of law that a man is bound by the acts of his agent, does not hold good where it is apparent that the agent is endeavoring to defraud his principal. But when these fraudulent acts are prompted by one who is to be benefited thereby, they will not be sustained by the courts.

The judgment will be reversed and cause remanded.

Reversed and remanded.